# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

LEO R. MADDOX,

    Plaintiff,

v. : Civ. No. 19-914-RGA

ATTORNEY GENERAL OFFICE, et al.,

    Defendants.

---

Leo R. Maddox, Lyndhurst, Virginia. Pro Se Plaintiff.

## MEMORANDUM OPINION

November 4, 2019
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Leo R. Maddox, who appears *pro se* and has been granted leave to proceed in *forma pauperis*, commenced this action on May 16, 2019, raising claims under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-68. (D.I. 1). The Court reviews and screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff raises § 1983 and civil RICO claims relating to his arrest, indictment, guilty plea, and attorney representation spanning a time-frame from September 25, 2009 through June 17, 2014. (*See* D.I. 1 at 6-13). His sentencing was on August 9, 2011. (*Id.* at 12).

The Delaware Supreme Court described Plaintiff's criminal case as follows:

> [Plaintiff] was indicted by a grand jury on twenty offenses, including eleven felony charges. After multiple continuances and just prior to trial, [Plaintiff] pled guilty to two felony charges of Possession of a Firearm by a Person Prohibited ("PFBPP"). In exchange, the State agreed to nolle prosse all of [Plaintiff's] remaining charges. During the plea colloquy, [Plaintiff] affirmed that he was satisfied with his attorney's representation and that he entered the plea freely and voluntarily. The Superior Court judge accepted the plea after finding that it was made voluntarily and with an understanding of the nature of the charges and the consequences of the plea. A presentence investigation was ordered.
>
> Prior to sentencing, [Plaintiff] filed a *pro se* motion to withdraw his guilty plea and requested new counsel, contending that his plea was involuntary, that his counsel was ineffective, and that he had a basis to assert legal innocence. The Superior Court denied the motion after a hearing where [Plaintiff] was represented by new counsel. [Plaintiff] was sentenced to five years at Level V, given credit for time served, and the balance of the sentence was suspended for probation.

*Maddox v. State*, 2012 WL 385600, at *1, 36 A.3d 360 (Del. 2012) (table).

Plaintiff appealed the Superior Court decision denying his *pro se* motion to withdraw his guilty plea. *Id.* The Delaware Supreme Court found no merit to the appeal and affirmed. *Id.* Plaintiff next sought Rule 61 postconviction relief, but the matter was dismissed by the Superior Court, and the dismissal affirmed by the Delaware Supreme Court. *Maddox v. State*, 2014 WL 644394, 85 A.3d 88 (table) (2014). Plaintiff sought certiorari and his petition for writ of certiorari was denied on October 6, 2014. *See Maddox v. Delaware*, 135 S.Ct. 81 (2014).

Plaintiff also filed a civil action against his criminal defense attorney claiming inadequate representation. *See Maddox v. Collins*, 2015 WL 5786349 (Del. Super. Oct. 5, 2015). The case was dismissed as time-barred and as having been previously litigated in a criminal proceeding. *Id.* at *2. In addition, Plaintiff filed a civil action against the State of Delaware alleging that he was a victim of fraud by the State and the Court when the Court denied Plaintiff's Rule 32(d) and Rule 61 motions to withdraw his guilty plea relating to the 2009 arrest and later conviction. *Maddox v. State*, 2015 WL 7301885 (Del. Super. Nov. 18, 2015). The action was dismissed for failure to state a cognizable cause of action against the State and as barred by the doctrine of sovereign immunity and the doctrines of collateral estoppel and res judicata. *Id.* at *1. Plaintiff was placed on notice that further suits involving the same allegations would be dismissed *sua sponte*. *Id.*

Plaintiff now claims he was a victim of the criminal justice system and that many of his constitutional rights were violated. He seeks $300 million dollars in damages.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must

4

grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

5

## III. DISCUSSION

The Complaint is clearly time-barred. Plaintiff raises § 1983 claims and RICO claims. For purposes of the statute of limitations, 42 U.S.C. § 1983 claims are characterized as personal injury actions and are subject to a two-year limitation period. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983); *see* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

RICO claims are subject to a four-year statute of limitations. *See Matthews v. Kidder, Peabody, & Co.*, 260 F.3d 239, 244-45 (3d Cir. 2001). Similar to § 1983 claims, for RICO claims the statute of limitations begins to run when the plaintiff knew or should have known of his injuries. *See Hawk Mountain LLC v. RAM Capital Group LLC*, 689 F. App'x 703, 706 (3d Cir. 2017).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

In the Complaint, Plaintiff complains of actions that took place from September 25, 2009 through June 17, 2014 (and the latter date is at best conclusorily alleged).

6

Plaintiff did not file his Complaint until May 15, 2019. It is evident from the face of the Complaint and from Plaintiff's numerous attempts to obtain relief in State court that he was on reasonable notice of his claims. Accepting that the illegal acts continued through June 17, 2014, and that that is the relevant date for statute of limitations purposes, it is evident from the face of the Complaint that the claims are barred by the applicable two and four-year statute of limitations, having been filed almost three years after the expiration of the § 1983 two-year limitation period and almost one year after the expiration of the RICO four-year imitation period.

Therefore, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.